```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

<u>Cindy Columbia</u>

    v.                             Civil No. 08-cv-98-JD

<u>John B. Gregory, D.P.M., and</u>
<u>Active Ankle & Foot Center, P.L.L.C.</u>

O R D E R

Cindy Columbia, who is deaf, filed suit against John B. Gregory, D.P.M., and his employer, Active Ankle & Foot Center, P.L.L.C., alleging violations of Title III of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973. She alleged that Gregory and the Center provided an American Sign Language interpreter for her first visit but refused to provide further services, in violation of the ADA and Section 504. Gregory and the Center filed a motion to dismiss or alternatively for summary judgment. The court docketed the motion as a motion to dismiss. Columbia, with the defendants' consent, moves for clarification.

Local Rule 7.1(a) provides that "[f]ilers shall not combine multiple motions seeking separate and distinct relief into a single filing." A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a motion for summary judgment under Federal Rule of Civil Procedure 56 seek different remedies based

on different standards.  See Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 56; see also Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (discussing differences).  If a motion to dismiss is converted to one for summary judgment to consider matters outside the complaint, the opposing party is entitled to notice and an opportunity to respond.  See Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 31 (1st Cir. 2000).

In their motion to dismiss, the defendants argue that the ADA claim is moot because they have agreed to provide the disputed services to Gregory and that the Section 504 claim should be dismissed because the Center employs fewer than fifteen people.  Both issues raise matters beyond the scope of the complaint.  Indeed, the defendants support their motion with extrinsic evidence.  Therefore, the motion will be considered as a motion for summary judgment under Rule 56.

## Conclusion

For the foregoing reasons, the assented-to motion for clarification (document no. 8) is granted in that the defendants' motion (document no. 6) is converted to a motion for summary judgment.  The plaintiff shall file her response under Rule 56 **on or before thirty days from the date of this order.**

It appears that the defendants intend to provide the American Sign Language interpreter services that the plaintiff seeks in this suit.  To conserve the parties' and the court's resources, counsel shall use their best efforts to resolve this case before continuing litigation that may be unnecessary.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 22, 2008

cc:  Catharine A. Mallinson, Esquire
     Stephen J. Soule, Esquire